UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RENO JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-CV-167 SNLJ |
| | ) |
| GORDANVILLE GRILL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee. ECF No. 2. Having reviewed the application and financial information provided, the Court has determined to grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on November 16, 2021 by filing an employment discrimination complaint against defendant Gordanville Grill. ECF No. 1. The complaint is on a Court-provided form. Plaintiff checked the boxes indicating he is bringing his lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race. In the section designated to specify the alleged discriminatory

conduct, plaintiff checked the boxes for termination of his employment, terms and conditions differed from those of similar employees, and harassment. Attached to his complaint is the charge of discrimination he filed with the Equal Opportunity Commission ("EEOC") and Notice of Right-to-Sue Letter. ECF No. 1-3.

Within the section of the form complaint provided for plaintiff to state the facts of his claim, plaintiff alleges the following in its entirety:

> Tyler Kemp he was always the problem. I put up with certain stuff but he cross[ed] the line when he said suck my dick. I told the manger [sic] and boss about it and didn't nuthin [sic] happen about it. So like a month later had wife call in for me and told manger [sic] I was in jail and he told her to have me call when I'm out. Also Louis Lawercence was calling me color boy.

ECF No. 1 at 5-6. Plaintiff left blank the section of the form complaint designated to state his request for relief.

## Discussion

The instant employment discrimination complaint is subject to dismissal because plaintiff has failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race. In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint.

If plaintiff wishes to assert a race discrimination claim under Title VII, he must clearly state his race and then carefully describe the adverse employment action he believes was taken *and* why it amounted to race discrimination. It is not enough to simply check boxes indicating employment discrimination on the basis of race. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class.

3

*Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). The claims he asserts in his amended complaint must be like or reasonably related to the claims outlined in his charge, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

Although plaintiff appropriately attached his charge of discrimination and right-to-sue letter to his initial pleadings, he must re-attach these documents to his amended complaint because the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his factual allegations in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should clearly articulate his race and articulate the adverse action(s) he believes were taken against him as a result of the discriminatory conduct he received. Plaintiff's amended complaint must be on a Court form, which will be provided to him. Plaintiff must also complete the entire form complaint, including the specific relief he seeks from the Court in this action.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of this Memorandum and Order. Plaintiff must re-attach copies of his EEOC right-to-sue letter and charge of discrimination with his amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this __1st__ day of December, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE