## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| RENO JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-CV-167 SNLJ |
| | ) |
| GORDONVILLE GRILL, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Reno Jones's amended complaint. ECF No. 4. For the reasons explained below, the Court will allow this case to proceed against the defendant.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.[1] To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

---

[1] Plaintiff requested leave to proceed *in forma pauperis*, and the Court granted the request on December 1, 2021. ECF Nos. 2, 3.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this action on November 16, 2021 by filing an employment discrimination complaint against his former employer, defendant Gordonville Grill. ECF No. 1. The complaint was on a Court-provided form, and plaintiff checked the boxes indicating he was bringing his lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), for employment discrimination on the basis of race. Plaintiff specified the discriminatory conduct as termination of his employment, terms and conditions differed from those of similar employees, and harassment. Attached to his complaint was the

charge of discrimination he filed with the Equal Opportunity Commission ("EEOC") and Notice of Right-to-Sue Letter. ECF No. 1-3. Within his charge of discrimination, Plaintiff alleged discrimination based on race, sex, and retaliation.

On December 1, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and determined it was subject to dismissal because he failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race. In consideration of plaintiff's self-represented status, the Court gave him the opportunity to file an amended complaint.

**Discussion**

Plaintiff filed an amended complaint on December 20, 2021, ECF No. 4, and refiled his Notice of Right-to-Sue Letter, ECF No. 6. Plaintiff specifies he is bringing this action pursuant to Title VII for employment discrimination on the basis of race and gender. Plaintiff describes the discriminatory conduct as termination of his employment, terms and conditions differed from those of similar employees, retaliation, and harassment.

In the section designated to assert his statement of claim, plaintiff indicates he is an "African American Black male" who was employed by defendant Gordonville Grill for four years until he was terminated in March of 2020. Plaintiff states he was meeting his employer's expectations and was never written up or reprimanded. Plaintiff alleges his supervisors, Tyler Kemp and Louis Lawrence, used abusive language towards him. For example, Kemp told plaintiff to "suck [his] dick," and Lawrence called plaintiff "color boy" and made "unwanted hom[o]sex[ua]l comments." Plaintiff asserts he "was fired for no call no show even tho[ugh] [he] called." Plaintiff states that "other white employees with the same job title w[]ere not fired for no call no show." For relief, plaintiff seeks $30,000 in lost wages and $15,000 for emotional distress.

The allegations in plaintiff's complaint for race and gender discrimination were similarly addressed in his charge of discrimination. *See* ECF No. 1-3 at 1. The EEOC Notice of Right-to-Sue Letter is dated October 20, 2021, giving him ninety (90) days in which to file a lawsuit under federal law. *See* ECF No. 1-3 at 7-8; ECF No. 6. Plaintiff filed this action on November 16, 2021. It therefore appears that plaintiff's lawsuit is timely, and he has exhausted his administrative remedies. The Court will, therefore, allow this case to proceed against defendant Gordonville Grill.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue upon the amended complaint as to defendant Gordonville Grill at 829 State Highway Z, Cape Girardeau, Missouri 63701.

Dated this 9th day of January, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE