IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RENO JONES, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No.: 1:21-CV-167 SNLJ |
| GORDONVILLE GRILL, | ) |
|        Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Gordonville Grill ("Defendant") provides the following Answer to Plaintiff Reno Jones First Amended Complaint ("Amended Complaint"):

**NUMBERED ALLEGATIONS CONTAINED IN PLAINTIFF'S PETITION**

1. I am Reno Jones, African American Black Male.

    **ANSWER:  Defendant admits upon information and belief that Plaintiff is Reno Jones.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1, and therefore, denies the same.**

2. I work for Gordonville Grill 4 years and was terminated March 2020.

    **ANSWSER: Defendant admits that Plaintiff was employed with Defendant for a period of time beginning in 2016 and ending in 2020.**

3. I was meeting my employers expectations.  I was never written up or reprimanded.

1

**ANSWER: Defendant denies all of the allegations in paragraph 3 in that Plaintiff or someone on Plaintiff's behalf called in to work with an excuse that he was unable to attend due to being incarcerated, which Plaintiff later admitted was a lie.  Plaintiff was also late to work 8 times between February 12 and March 2, 2020.  Plaintiff violated the attendance policy and was discharged as a result.**

4. I was a cook/prep in the kitchen.

   **ANSWER: Defendant admits that Plaintiff's duties included line cook and kitchen prep.**

5. My manager was Louis Lawrence and Tyler Kemp.

   **ANSWER: Defendant admits that Louis Lawrence was employed by Defendant and his job title was Back of the House Manager.  Defendant admits that Tyler Kaempfer was employed by Defendant and his job title was Back of the House Assistant Manager.  Defendant denies all remaining allegations.**

6. I was treated very poorly by Tyler Kemp.

   **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore, denies the same.**

7. Tyler use abuse language toward me such as suck my dick.  Tyler is white.

   **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore, denies the same.**

2

8. Louis Lawrence use abuse language toward me.  Such as colling me color boy.

   **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore, denies the same.**

9. Louis use to make unwanted homersexual comments toward me.

   **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore, denies the same.**

10. The managers made me feel uncomfortable and abuse at work.

    **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore, denies the same.**

11. I reported to Andy Hancock the abuse of behavior.

    **ANSWER: Defendant denies the allegations contained in Paragraph 11.  In January of 2020, Plaintiff reported getting into an argument over job duties with Tyler Kaempfer.**

12. My wife called in and told the manager I wasing coming to work one day.  I didn't go to work cause of the abuse.

    **ANSWER: Defendant denies the allegations contained in Paragraph 12.  On or about March 3, 2020, Plaintiff's wife called in stating Plaintiff was in jail.**

**Approximately two days later, Plaintiff admitted to Louis Lawrence that he was not in jail and in fact had called in to work his other job delivering food.**

13. I was fired for no call no show even tho I called.

    **ANSWER: Defendant denies the allegations contained in Paragraph 13. Plaintiff was discharged for violating the attendance policy contained within the employee handbook provided to and signed by Plaintiff.**

14. Other white employeyss with the same job title where not fire for no call no show.

    **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore, denies the same.**

15. All of the behavior of abuse was against the code of conduct contract the Grill made me sign.

    **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore, denies the same.**

16.

    **ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16, which appears to be blank, and therefore, denies the same.**

### PLAINTIFF'S PRAYER FOR RELIEF

17. I pray this court grant me 30,000 dollars in lost wages and 15,000 for emotional distress and whatever other relief these court may grant

4

**ANSWER: To the extent a response is required, Defendant denies Plaintiff is entitled to any of the relief requested by Plaintiff or any other relief.**

## ANSWER TO ALL ALLEGATIONS

18. Defendant denies each and every allegation in Plaintiff's Amended Complaint that it did not specifically admit in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant incorporates herein by reference its answers to Plaintiff's allegations as set forth in its Answer to Plaintiff's Amended Complaint to support its affirmative defenses. In addition, Defendant sets forth the following affirmative and other defenses. For its affirmative defenses (i.e., those defenses upon which they will have the burden of proof), as well as its other defenses, Defendant provides facts, based on its investigation to date and upon information and belief. As Defendant's investigation is ongoing, Defendant reserves the right to seek leave to amend this Answer to the extent just and appropriate, in accordance with the Federal Rules of Civil Procedure.

2. Plaintiff's Amended Complaint fails in whole or in part to state a claim upon which relief can be granted against Defendant as, among other things:

    a. Plaintiff has failed to set forth sufficient facts that his race was a motivating or contributing factor in the employment actions at issue in his Amended Complaint, which allegation Defendant specifically denies.

    b. Plaintiff has failed to set forth sufficient facts that his protected status or protected activity was a motivating or contributing factor in the

5

       employment actions at issue in his Amended Complaint, which allegation Defendant specifically denies.

3. This Court lacks jurisdiction over some or all of Plaintiff's claims, including because he failed to exhaust his administrative remedies. Among other things, Plaintiff's Amended Complaint includes numerous allegations of discrimination and/or retaliation that were not exhausted at the administrative level. Plaintiff has not sufficiently alleged or shown exhaustion of administrative remedies such that this Court has jurisdiction over such claims.

4. Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and/or estoppel.

5. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or applicable regulatory filing periods to the extent Plaintiff's claims seek to recover for alleged (but disputed) actions of discrimination beyond the applicable statutes of limitations and/or the applicable regulatory filing periods.

6. Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of any Charge of Discrimination and/or administrative complaint he timely filed and/or to the extent Plaintiff failed to exhaust required administrative remedies. As set forth in Paragraph 3 above, Plaintiff's Amended Complaint includes several claims and/or theories outside the scope of any Charge of Discrimination and for which Plaintiff has not exhausted her administrative remedies such that he may pursue those claims and/or theories in this Court.

6

7. Defendant is an equal opportunity employer that does not discriminate, harass, or retaliate against employees on the basis of race and/or any other protected status or activity.

8. Defendant is not liable for any alleged discrimination or retaliation because, among other things, Defendant had measures in place to prevent and/or correct such discrimination and retaliation including, among other things, policies prohibiting discrimination and retaliation and a multi-avenue complaint procedure. Plaintiff failed to avail himself of such measures.

9. Defendant would have made the same employment decisions with respect to Plaintiff, absent any unlawful or impermissible considerations, the existence of such unlawful or impermissible considerations Defendant specifically denies.

10. Defendant's actions with respect to Plaintiff were non-discriminatory, non-retaliatory, and non-pretextual, based on legitimate factors/reasons other than race or any protected activity, and consistent with reasonable business judgment and necessity.

11. Plaintiff is not entitled to recover any liquidated, exemplary, or punitive damages, the existence of which damages Defendant specifically denies, because, among other things, Defendant made a good faith effort to comply with all applicable laws, including but not limited to having a policy prohibiting discrimination and retaliation on the basis of any protected status or activity, distributing its policies to all employees, training employees on its policies, and providing a multi-avenue complaint procedure for employees to report concerns regarding discrimination and retaliation. Any employee(s) of Defendant who engaged in the conducted

alleged, the existence of which conduct Defendant specifically denies, lacked sufficient authority to subject Defendant to liquidated, exemplary, or punitive damages.

12. Upon information and belief, Defendant states Plaintiff has failed to mitigate his damages, the existence of which Defendant specifically denies, by, among other things, failing to obtain alternative, comparable employment and such failure is unreasonable under the circumstances. To the extent Plaintiff has mitigated his damages, Defendant is entitled to a credit and/or set-off from any damages Plaintiff sustained, the existence of which Defendant specifically denies.

13. Compensatory damages, the existence of which Defendant specifically denies, are not available for some or all of Plaintiff's claim(s).

14. Plaintiff's claims for punitive damages are not available under some or all of the applicable statutes, and are barred by the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution. Plaintiff's claims for punitive damages are also barred by the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, made applicable to the states and territories by the Fourteenth Amendment.

15. Any injury to Plaintiff, the existence of which Defendant specifically denies, was not reasonably foreseeable, was not proximately caused by Defendant, and was caused by Plaintiff and/or by third parties over whom Defendant had no control or who were acting outside the course and scope of their employment with

Defendant, and who were not acting in furtherance of Defendant's business. Consequently, Defendant is not liable for the alleged conduct.

16. After conducting discovery, Defendant may have an after-acquired evidence defense and therefore preserves such affirmative defense in this pleading.

17. Defendant is currently without sufficient knowledge and information to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses, including affirmative defenses if appropriate.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant requests this Court dismiss Plaintiff's Amended Complaint in its entirety and award Defendant its costs, its attorneys' fees, and any additional relief this Court deems just and proper.

Respectfully submitted,

STATLER LAWYERS

/s/ Erin C. Bradley
ERIN C. BRADLEY
MISSOURI BAR # 67465
FEDERAL BAR # 67465MO
107 S. Broadview Street
Cape Girardeau, MO 63703
(573) 651-4855 Fax (573) 651-0507
erinbradley@statlerlawyers.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was electronically filed and served to the following counsel and probation officer of record on this 11th day of February 2022:

RENO JONES
622 NAPA CIRCLE
CAPE GIRARDEAU, MO 63703

        STATLER LAWYERS

        /s/ Erin C. Bradley
        ERIN C. BRADLEY
        MISSOURI BAR # 67465
        FEDERAL BAR # 67465MO
        107 S. Broadview Street
        Cape Girardeau, MO 63703
        (573) 651-4855 Fax (573) 651-0507
        erinbradley@statlerlawyers.com
        ATTORNEY FOR DEFENDANT